T.C. Summary Opinion 2006-8


UNITED STATES TAX COURT



TERRY FRED BURNHAM, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 15339-04S.          Filed January 26, 2006.


Terry Fred Burnham, pro se.

<u>Anthony J. Kim</u>, for respondent.



PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard
pursuant to the provisions of section 7463 of the Internal
Revenue Code in effect at the time the petition was filed.  The
decision to be entered is not reviewable by any other court, and
this opinion should not be cited as authority.  Unless otherwise
indicated, subsequent section references are to the Internal
Revenue Code in effect for the year in issue, and all Rule
references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's 2000 Federal income tax and additions to tax as follows:

|  | Additions to Tax | | |
| Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654(a) |
| $16,600 | $3,735 | $2,739 | $892 |

After concessions,[1] the issues for decision are: (1) Whether a distribution of $20,102 petitioner received from the California Field Ironworkers Trust Funds (CFITF) is includable in gross income; (2) whether petitioner is entitled to a dependency exemption deduction for Lupe Chitwood; (3) whether a distribution petitioner received of $8,000 from Jackson National Life Ins. Co. (Jackson) is includable in gross income, and (4) whether petitioner is liable for an addition to tax under section 6651(a)(1) of $3,735.

## Background

Some of the facts have been stipulated, and they are so found. The stipulation of facts and the attached exhibits are

---

[1] With respect to adjustments for the taxable year 2000, petitioner concedes that: (1) He is taxable on Social Security benefits received to the extent of $12,755, and (2) that he received $37,050 in gambling winnings. Respondent concedes the following: (1) Petitioner is entitled to deduct gambling losses against gambling winnings of $37,050; (2) petitioner is entitled to a deduction of $2,150 for mortgage interest; (3) petitioner is entitled to a deduction of $1,648 for property tax paid; and (4) petitioner is not liable for additions to tax under secs. 6651(a)(2) and 6654(a).

incorporated herein by this reference.[2]  At the time the petition was filed, petitioner resided in Santa Rosa, California.

Petitioner previously was employed as an ironworker.  He was injured on the job in 1991, became disabled, and was unable to return to work.  Petitioner received a disability pension from CFITF.  According to a statement from CFITF, petitioner received $1,435.86 per month, plus two bonus checks, for a total annual payment of $20,102.  According to the terms of the disability pension, payments would cease if petitioner were to return to work.

During the year in issue, petitioner lived with his girlfriend, Lupe Chitwood.  The record is unclear as to whether Ms. Chitwood worked during the year 2000.  Ms. Chitwood received a disability pension during at least part of the year 2000.  Ms. Chitwood sometimes gambled with petitioner, but the record is unclear as to her winnings and losses during the year in issue.

On April 24, 1995, Jackson issued an annuity policy naming petitioner as the owner.  Petitioner paid $50,000 for the policy.  The anticipated maturity date was April 24, 2007.  During the taxable year 2000, petitioner received a distribution of $8,000 from Jackson.  Respondent received an information document from

---

[2]  At the end of trial, the Court kept the record open to permit petitioner to produce an additional document relating to a distribution from Jackson National Life Ins. Co.  When the document was received, the Court admitted the document into evidence and closed the record.

Jackson indicating that a taxable distribution was made to petitioner of $8,000.

Petitioner's Federal income tax return for the taxable year 2000 was signed and submitted to the Internal Revenue Service on November 16, 2004. Petitioner did not request an extension of time to file his 2000 return. On the return, petitioner reported $28,102 on line 16a (total pensions & annuities) and $8,000 on line 16b (taxable amount).[3] Petitioner further claimed a dependency exemption deduction for Lupe Chitwood.

### Discussion

Generally, the burden of proof is on the taxpayer. Rule 142(a)(1). However, if the taxpayer satisfies the limitations under section 7491(a)(2) and introduces credible evidence with

---

[3] The record is not clear as to the source of the amounts reported on the return or the exact adjustments made by respondent. It appears that the $28,102 reported on line 16a is the sum of (1) the disability pension from CFITF of $20,102 and (2) the annuity distribution from Jackson of $8,000. While it appears that petitioner reported the $8,000 distribution from Jackson as taxable income on line 16b, the record does not contain a schedule of adjustments which would normally be attached to the notice of deficiency. In his pretrial memorandum, respondent lists as an issue the question of whether petitioner received a taxable distribution of $8,000 from Jackson. Respondent further indicates that the issue was conceded by petitioner.

At trial petitioner initially appeared to agree with the concession. He later explained, however, that he agreed that he received the $8,000 distribution from Jackson but that he did not agree that the distribution represented taxable income. Thus, we consider whether the $8,000 distribution received from Jackson represents taxable income.

respect to any factual issue relevant to ascertaining the tax liability, then the Commissioner bears the burden of proof with respect to such issue. Sec. 7491(a). Moreover, if a taxpayer asserts a reasonable dispute with respect to the income reported on an information return and fully cooperates with the Commissioner (including providing access to an inspection of all witnesses, information, and documents within the control of the taxpayer as reasonably requested by the Commissioner), then the Commissioner shall have the burden of producing reasonable and probative information in addition to such information return. Sec. 6201(d); Tanner v. Commissioner, 117 T.C. 237 (2001), affd. 65 Fed. Appx. 508 (5th Cir. 2003); McQuatters v. Commissioner, T.C. Memo. 1998-88. In the present case, petitioner has not satisfied the requirements of either section 6201(d) or section 7491(a). Furthermore, to the extent that the distribution of the disability payment or the annuity involves a legal issue, the burden of proof does not affect the outcome. Unless indicated otherwise, the burden of proof remains on petitioner.

Distribution From CFITF

Petitioner received $20,102 during 2000 from CFITF as a disability pension on account of an employment-related injury he received in 1991. Petitioner suggests that he has not reported amounts received from CFITF in prior tax years, and therefore he should not be taxable for the amount received in 2000.

It is our obligation to apply the law to the facts of this case, and the fact that the Commissioner may have treated a taxpayer differently in another year does not change our obligation. Malinowski v. Commissioner, 71 T.C. 1120, 1128 (1979); Robinson v. Commissioner, T.C. Memo. 1996-154.

Section 61(a) provides that, except as otherwise provided, gross income includes all income from whatever source derived. The Supreme Court has reiterated the sweeping scope of section 61. Commissioner v. Banks, 543 U.S. 426 (2005); Commissioner v. Schleier, 515 U.S. 323, 327 (1995); Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 429-431 (1955). Section 104, in contrast, provides an exclusion with respect to compensation for injuries or sickness. Such exclusions are construed narrowly. Commissioner v. Schleier, supra at 328. One of the conditions of excludability, relevant in this case, is that the amounts received through accident or health insurance for personal injuries or sickness must not be amounts received by an employee, to the extent such amounts are either attributable to contributions of the employer and not includable in income of the employee or are paid by the employer. There is no evidence in this case that petitioner satisfies the conditions of section 104(a)(3).

Section 105(a) provides that amounts received by an employee through accident or health insurance for personal injuries or

sickness shall be included in gross income to the extent such amounts are (1) attributable to contributions by the employer and not includable in gross income of the employee, or (2) are paid by the employer. Section 105(c) provides that gross income does not include amounts referred to in section 105(a) to the extent such amounts (1) constitute payment for personal loss of use of a member or function of the body, or the permanent disfigurement, of the taxpayer, and (2) are computed with reference to the nature of the injury without regard to the period the employee is absent from work. It is clear that petitioner received the payments from CFITF so long as he did not return to work. Since the payments are contingent on petitioner's absence from work, rather than based on the nature of the injury, the payments do not fit within the exception of includability under section 105(a) and (c). Respondent's determination is sustained on this issue.

Dependency Exemption

As indicated petitioner claimed a dependency exemption for his girlfriend, Lupe Chitwood. A taxpayer may be allowed a deduction for a dependent over half of whose support is provided by the taxpayer. Secs. 151(c)(1), 152(a). A dependent includes an individual who, for the taxable year, has as her principal place of abode the home of the taxpayer and is a member of the taxpayer's household. Sec. 152(a)(9). It is necessary that the

taxpayer both maintain and occupy the household.  Sec. 1.152-1(b), Income Tax Regs.  It is not necessary that the dependent be related to the taxpayer.  Id.  The term "support" includes food, shelter, clothing, medical and dental care, education, and the like.  Sec. 1.152-1(a)(2)(i), Income Tax Regs.  The amount of support that the claimed dependent received from the taxpayer is compared to the total amount of support the claimed dependent received from all sources.  Id.  The total amount of support for each claimed dependent furnished by all sources during the year in issue must be established by competent evidence.  Blanco v. Commissioner, 56 T.C. 512, 514 (1971).

Petitioner presented virtually no testimony or documentary evidence to establish that he met the support test for Ms. Chitwood.  There is no evidence as to the amount of her disability pension, the amount of her gambling winnings and losses, nor the arrangement between petitioner and Ms. Chitwood as to the allocation of living expenses.  Given this lack of evidence, we sustain respondent's determination as to this issue.

Distribution From Jackson

Section 61(a) defines gross income as "all income from whatever source derived".  Annuities are specifically included in gross income.  Sec. 61(a)(9).  The burden is on petitioner to demonstrate that the payment in question falls into a specific

statutory exclusion.  <u>Commissioner v. Glenshaw Glass Co.</u>, <u>supra</u> at 429-431.

In general, section 72 deals with the income tax treatment of annuities.  Section 72 prescribes rules regarding the inclusion in gross income of amounts received under a life insurance, endowment, or annuity contract except where such amounts are specifically excluded from gross income under other provisions of chapter 1 of the Code.  These rules provide that, in general, the amounts subject to the provisions of section 72 are includable in the gross income of the recipient except to the extent that they are considered to represent a reduction or return of premiums or other consideration paid.  Sec. 1.72-1(a), Income Tax Regs.  Amounts are considered to be paid as an annuity if they are received after the annuity starting date, they are paid in periodic installments at regular intervals over a period of more than one full year from the annuity starting date, and the total of amounts payable can be determined at the annuity starting date (subject to certain exceptions).  Sec. 1.72-2(b)(2), Income Tax Regs.  As a general rule, payments received on or after the annuity starting date are treated as payments not received as an annuity and are taxable.  Sec. 72(e)(2)(A).

There is simply not sufficient information in this record to reach a conclusion whether some portion of the $8,000 payment is not includable in income.  The Court and respondent encouraged

petitioner to provide sufficient information as to the facts surrounding the distribution from Jackson.  Petitioner did not provide information, nor did he authorize Jackson to provide such information to respondent.  In this connection, the copy of the policy from Jackson provided some relevant information.  However, given the complex rules relating to the taxation of annuities under section 72, the Court required facts surrounding the distribution, which were not forthcoming.  Respondent's determination is sustained on this issue.

Addition to Tax Under Section 6651(a)(1)

If a Federal income tax return is not timely filed, an addition to tax will be assessed "unless it is shown that such failure is due to reasonable cause and not due to willful neglect".  Sec. 6651(a)(1).  A delay is due to reasonable cause if "the taxpayer exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time".  Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.; see also United States v. Boyle, 469 U.S. 241, 243 (1985).  The Commissioner has the burden of production with respect to the liability of any individual for an addition to tax under section 6651(a)(1).  Sec. 7491(c).  The burden of showing reasonable cause under section 6651(a) remains on petitioner.  Higbee v. Commissioner, 116 T.C. 438, 446-448 (2001).

In the present case, respondent met his burden of production with respect to the addition to tax under section 6651(a)(1). Petitioner did not provide any evidence as to the reasons for the late filing for the 2000 taxable year. Nor did petitioner provide any evidence to establish he had reasonable cause for the failure to timely file. Respondent's determination as to this issue is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered

under Rule 155.[4]

---

[4] As previously indicated, the Court was not provided with a complete copy of the notice of deficiency, which would presumably contain a copy of the adjustments. Accordingly, we assume that the mutual concessions made by the parties, as stated supra note 3, related to adjustments in the notice of deficiency and that the amount of the deficiency and addition to tax will be less than that determined as a result of concessions.